IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MACIEJ MURAKOWSKI, | )<br>) |
| Plaintiff, | )<br>)   C.A. No. 07-475 *** |
| v. | )<br>) |
| UNIVERSITY OF DELAWARE, | )<br>) |
| Defendant. | )<br>) |

**DEFENDANT UNIVERSITY OF DELAWARE'S ANSWER TO
PLAINTIFF'S VERIFIED COMPLAINT**

Defendant University of Delaware (the "University"), by and through its undersigned counsel, hereby answers the allegations contained in Plaintiff's Verified Complaint (the "Complaint") as follows:

**JURISDICTION**

1.   The first sentence of this paragraph is denied to the extent it suggests that Plaintiff's rights were violated. The remaining allegations assert legal conclusions to which no response is required. To the extent a response is necessary, this paragraph is denied.

**PARTIES**

2.   Admitted that Plaintiff was a student at the University until he was suspended after being found guilty of violating University policies. The University is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore those allegations are denied.

3.   Admitted that the University is a State-supported educational institution established pursuant to a State charter codified at 14 *Del. C.* §5101, *et. seq.* Denied to the extent that the words "public" and "state-sponsored" suggest that the University is a State agency.

Case 1:07-cv-00475-MPT   Document 8   Filed 08/22/2007   Page 2 of 7

## BACKGROUND

4. Admitted that the University is a staunch supporter of freedom of speech and the First Amendment. The remaining allegations in this paragraph refer to a newspaper article, the contents of which speak for themselves.

5. The allegations in this paragraph refer to a newspaper article, the contents of which speak for themselves.

6. The allegations in this paragraph refer to a document, the University Faculty Handbook, the contents of which speak for themselves.

7. The first sentence of this paragraph is admitted. The remaining allegations refer to a document, the University's Policy for Student Use of Computing Resources for Home Pages, the contents of which speak for themselves.

8. The first and second sentences of this paragraph are admitted. The University is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of this paragraph, and therefore the third and fourth sentences are denied.

9. The allegations in this paragraph refer to documents, the contents of which speak for themselves.

10. The allegations in this paragraph refer to a document, the contents of which speak for themselves.

11. The allegations in this paragraph refer to a document, the contents of which speak for themselves. By way of further response, Plaintiff inaccurately quotes from the document. In his posting, Mr. Murakowski actually described the black gloves as "the bitch-chokingest gloves in the entire f---ing universe."

12. Admitted that in a posting on his website Mr. Murakowski lists various sexual acts including those identified in this paragraph. The University denies that the depiction of these acts was "imaginary" or "silly and nonsensical." The University denies the last sentence as stated. By way of further response, Mr. Murakowski does not simply refer to disposing of the dead body of the sex partner in his posting; he describes how to dispose of that body. Under the heading "Cleanup," Mr. Murakowski states, "What you need: 1 shovel[,] 1 hole large enough to fit a dead body the size of your partner, dug in advance[, and] 1 tarp large enough to completely wrap said body What to do: Use your imagination."

13. Admitted.

14. Admitted only that Ms. Cynthia Cummings met with Mr. Murakowski and his father in her office to discuss his violent, threatening postings. The University is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations inasmuch as there is no record of the oral conversation to which Plaintiff has referred.

15. Admitted that Ms. Cummings provided Mr. Murakowski with a letter. The remaining allegations in this paragraph refer to the letter, the contents of which speak for themselves.

16. Admitted that Mr. Murakowski was charged with violating University policies. The remaining allegations in this paragraph refer to the charging document, the contents of which speak for themselves.

17. Admitted that Mr. Murakowski asked for and received permission to return to his dorm room to retrieve some of his possessions. The University is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore those allegations are denied.

18. The first sentence of this paragraph is admitted upon information and belief. The remaining allegations in this paragraph refer to a letter, the contents of which speak for themselves.

19. The first sentence of this paragraph is denied as stated. The University is without knowledge or information sufficient to form a belief as to the remaining allegations inasmuch as there is no record of the oral conversation to which Plaintiff has referred.

20. The first and second sentences of this paragraph are denied as stated. Admitted that Ms. Kathryn Goldman met with Mr. Murakowski and furnished a letter to him. The remaining allegations refer to a document, the contents of which speak for themselves.

21. Admitted that the Administrative Hearing took place on May 2, 2007. Admitted that Lt. Rahmer testified at the hearing. Plaintiff's characterization of that testimony requires no response inasmuch as a record exists of the hearing.

22. Admitted that a female student who resided on the same dormitory floor as Plaintiff expressed concern to the University about Mr. Murakowski and his violent and threatening postings. Denied to the extent this paragraph asserts that the female student was a necessary witness on the charge of "Disruptive Conduct." The second and third sentences of this paragraph are admitted. The remaining allegations in this paragraph refer to an email, the contents of which speak for themselves.

23. Admitted that neither the female student nor the author of the e-mail were present at the hearing. Denied to the extent this paragraph asserts that their presence was required or that the guilty finding was based on only their statements.

24. Admitted that witnesses proffered by Plaintiff testified at the hearing. Plaintiff's characterization of that testimony requires no response inasmuch as a record exists of the hearing.

25. Admitted.

26. The allegations in this paragraph refer to Mr. Mason's decision letter, the contents of which speak for themselves.

27. Admitted.

28. Admitted.

29. The first, second and fourth sentences of this paragraph are admitted. The third sentence is denied.

## COUNT ONE
(First Amendment to the Constitution of the United States)

30. The University incorporates by reference the responses to Paragraphs 1 through 29 above as though fully set forth herein.

31. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, this paragraph is denied.

32. Admitted only that the University makes its internet server available for students to create web sites. The remaining allegations in this paragraph are denied.

33. Denied, except admitted only that no classes were cancelled, no widespread disorder was reported and there was no evidence that professors were incapable of teaching or controlling their classrooms.

34. Denied.

35. Denied.

## COUNT TWO
(Fourteenth Amendment to the Constitution of the United States)

36. The University incorporates by reference the responses to Paragraphs 1 through 35 above as though fully set forth herein.

37. Denied, except admitted only that the female student did not attend the hearing and that an e-mail was offered at the hearing.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The University correctly applied its policies and procedures.

### Third Affirmative Defense

Plaintiff was afforded due process.

### Fourth Affirmative Defense

Plaintiff's website contained material which is not protected by the First Amendment.

### Fifth Affirmative Defense

Plaintiff admitted at the administrative hearing that he disregarded the University's instructions not to enter his dormitory and, thus, admitted that he was guilty of the Failure to Comply charge which alone warrants the sanctions imposed.

**Reservation of Rights**

The University reserves the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

WHEREFORE, the University of Delaware respectfully requests that this Court dismiss Plaintiff's claims with prejudice and award such other relief as the Court deems appropriate.

BUCHANAN INGERSOLL & ROONEY

_/s/_

William E. Manning, Esquire (#697)
James D. Taylor, Jr., Esquire (#4009)
Jennifer M. Becnel-Guzzo, Esquire (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (facsimile)
william.manning@bipc.com
james.taylor@bipc.com
jennifer.becnelguzzo@bipc.com

*Attorneys for the University of Delaware*

August 22, 2007