IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MACIEJ MURAKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-475 MPT |
| | ) | |
| UNIVERSITY OF DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |

**SUR-REPLY BRIEF OF PLAINTIFF MACIEJ MURAKOWSKI
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for plaintiff Maciej Murakowski

Dated: May 16, 2008

**TABLE OF CONTENTS**

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    MR. MURAKOWSKI'S WEBSITE POSTINGS ARE ENTITLED TO FIRST AMENDMENT PROTECTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    MR. MURAKOWSKI'S POSTINGS DO NOT CONSTITUTE A "TRUE THREAT." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    THERE WAS NO SUBSTANTIAL DISRUPTION JUSTIFYING PUNISHMENT OF LAWFUL SPEECH. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.    MR. MURAKOWSKI WAS DENIED DUE PROCESS. . . . . . . . . . . . . . . . . . . . . . . . 3

III.    THE CONVICTION FOR FAILURE TO COMPLY DOES NOT JUSTIFY DISMISSING THE CLAIMS OF CONSTITUTIONAL VIOLATIONS. . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.    THE COURT SHOULD AWARD MR. MURAKOWSKI HIS COSTS, DAMAGES AND ATTORNEY'S FEES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## **TABLE OF AUTHORITIES**

**Cases**

*Bowler v. Town of Hudson*, 514 F.Supp. 168 (D. Mass. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Brandenburg v. Ohio,* 395 U.S. 444 (1969).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Healy v. James*, 408 U.S. 169 (1972).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*IOTA XI Chapter of Sigma Chi Fraternity v. George Mason University*, 773 F.Supp. 792 (E.D. Va. 1991), *aff'd*, 993 F.2d 386 (4th Cir. 1993).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*N.A.A.C.P. v. Claiborne Hardware Co.,* 458 U.S. 886 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*New York v. Operation Rescue Nat'l,* 273 F.3d 184 (2d Cir.2001). . . . . . . . . . . . . . . . . . . . . . . . . 1

*Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058 (9th Cir. 2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*State ex rel. Dean v. City Court of City of Tucson*, 598 P.2d 1008 (Az. App. 1979). . . . . . . . . . . 4

*U.S. v. Baker*, 890 F.Supp. 1375 (E.D. Mi. 1995), *aff'd*, 104 F.3d 1492 (6th Cir. 1997). . . . . . . . 1

*United States v. Kelner*, 534 F.2d 1020 (2d Cir.), *cert. denied*, 429 U.S. 1022 (1976). . . . . . . . . . 1

## ARGUMENT

I. **MR. MURAKOWSKI'S WEBSITE POSTINGS ARE ENTITLED TO FIRST AMENDMENT PROTECTION.**

   A. **MR. MURAKOWSKI'S POSTINGS DO NOT CONSTITUTE A "TRUE THREAT."**

"When determining whether a statement qualifies as a threat for First Amendment purposes, a district court must ask whether 'the threat on its face and in the circumstances in which it is made is so unequivocal, unconditional, immediate and specific as to the person threatened, as to convey a gravity of purpose and imminent prospect of execution....' " *New York v. Operation Rescue Nat'l*, 273 F.3d 184, 196 (2d Cir.2001) (*quoting United States v. Kelner*, 534 F.2d 1020, 1027 (2d Cir.), *cert. denied*, 429 U.S. 1022 (1976)). UD, in its reply brief ("UDRB"), asks the Court to disregard this rule, and instead adopt a stifling new rule that any first-person description of violence constitutes *per se* a "true threat," irrespective of context or how numerous the alleged target is.

UD argues that Mr. Murakowski's references to violence and sexual abuse, and the desire to own a knife, are statements of intent.. (UDRB 9) . However, "[d]iscussing the commission of a crime is not tantamount to declaring an intention to commit the crime." *U.S. v. Baker*, 890 F.Supp. 1375, 1389 (E.D. Mi. 1995), *aff'd*, 104 F.3d 1492 (6th Cir. 1997). In other words, wishful thinking does not constitute a true threat, no matter how depraved the thought. *See id*. at 1386 n. 16. There is no language indicating "an imminent threat of execution." Also, it is noteworthy that no witness testified that they interpreted any statement on Mr. Murakowski's website as a statement of intention to perform the acts identified.

1

UD next argues that is was reasonable for readers to be alarmed and frightened. (UDRB 9). Of course, that writing frightens is not enough to deny First Amendment protection.[1] Moreover, there is no evidence that many or most of the readers were alarmed or frightened or deemed the writings a threat to them. Even the anonymous female witness did not (through Ms. Harvey's e-mail) identify the website as the source of her fear.

Next, UD argues that it was reasonable for readers to be afraid, notwithstanding the inclusion of self-deprecating comments and "childish attempts at humor and introspection...." (UDRB 9-10). Again, UD asks this Court to ignore the entirety of the text and adopt a rule that first-person descriptions of violence are *per se* "true threats," no matter what the context. That is not the law. Context matters. "Indeed, context is critical in a true threats case...." *Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058, 1078 (9th Cir. 2002). Self-deprecating comments and "childish attempts at humor" counter any conclusion of a "gravity of purpose."

Not surprisingly, UD argues that in a "climate of increasing school violence" the Court should allow this unprecedented expansion of the law of "true threats." (UDRB 11). This is a red herring. UD's concerns about school violence may have justified the initial measures UD undertook

---

[1] Speech is protected under the First Amendment even though it may address action which is highly alarming, even shocking, to the audience. Courts have routinely found First Amendment protection extends to speech and conduct that society at large views as vile, politically incorrect, or born of hate. *E.g., R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992) (overturning conviction of a juvenile for burning a cross in violation of a content-based speech ordinance); *Brandenburg v. Ohio*, 395 U.S. 444 (1969) (holding statements made at a Ku Klux Klan rally advocating violence against blacks and Jews were protected speech); *N.A.A.C.P. v. Claiborne Hardware Co.,* 458 U.S. 886 (1982) (holding civil rights protestor's admonition to crowd that "If we catch any of you going in any of them racist stores, we're gonna break your damn neck" was protected speech).

(and of which Mr. Murakowski is not complaining). But UD received confirmation from a psychologist that Mr. Murakowski was not a danger to public safety. As such, how does concern for school violence justify after-the-fact punishment of protected speech? Once Mr. Murakowski was found not to be a danger, how did he contribute to the risk of school violence? There is no evidence that he did, and so this is no basis for creating new (and bad) law to justify UD's overreaction.

### B. THERE WAS NO SUBSTANTIAL DISRUPTION JUSTIFYING PUNISHMENT OF LAWFUL SPEECH.[2]

"A state university may not hinder the exercise of First Amendment rights simply because it feels the exposure of a given group's ideas may be somehow harmful to certain students." *IOTA XI Chapter of Sigma Chi Fraternity v. George Mason University*, 773 F.Supp. 792, 793 (E.D. Va. 1991), *aff'd*, 993 F.2d 386 (4th Cir. 1993).

Contrary to UD's suggestion (UDRB 7-8), the standard for "material and substantial disruption" should be more, not less, strictly applied in this case because this action arises in the context of post-secondary education and a public forum. *See Healy v. James*, 408 U.S. 169, 184 (1972) (while colleges may have an interest is preventing disruption, "a 'heavy burden' rests on the college to demonstrate the appropriateness of the action"). There is no evidence that Mr. Murakowski's website was the cause of any alleged disruption (of which there was none).

### II. MR. MURAKOWSKI WAS DENIED DUE PROCESS.

UD argues that the right to cross-examine complaining witnesses is not required in student disciplinary hearings. (UDRB 12). Of course, no such *per se* rule exists. In this case, the issue of

---

[2] UD has not argued that the website invaded the rights of others, nor can it. "Where students are exposed to speech only as a consequence of voluntary choice, the speaker has not invaded the rights of others." *Bowler v. Town of Hudson*, 514 F.Supp. 168, 178 (D. Mass. 2004).

how many classes the anonymous female student switched to "audit" status points out the necessity for cross-examination. Did she switch only one class? Why only one if she was so upset? Was it a class that Mr. Murakowski was also taking? If so, why was she willing at all to continue taking a class that Mr. Murakowski was taking? These important questions are all arguably relevant to any determination of both true threat and disruption.[3]

In light of the many unanswered questions and the absence of any first-hand testimony, suspension based on nothing more than double hearsay about psychological issues not within the competence of the hearing officer denied Mr. Murakowski fundamental due process.

### III. THE CONVICTION FOR FAILURE TO COMPLY DOES NOT JUSTIFY DISMISSING THE CLAIMS OF CONSTITUTIONAL VIOLATIONS.

Contrary to UD's suggestion, Mr. Murakowski does not and did not concede that the sanction of suspension would have of necessity been imposed for Failure to Comply. The hearing officer's comments to the Appeal Board are not persuasive as they come in the questionable context of his attempting to convince the Appeal Board to sustain his decision, a decision in which, as a matter of law, he had a vested and obvious self-interest. *See, e.g., State ex rel. Dean v. City Court of City of Tucson*, 598 P.2d 1008, 1010 (Az. App. 1979) (when judge participates in appeal challenging correctness of the judge's decision, "the trial judge is no longer impartial. He is an adversary and an advocate...").

---

[3] Having pointed out that there is a serious question whether UD told the truth when its prosecutor claimed that this student changed all of her classes, UD modified its position in its reply brief, and now states that the student "changed *at least one class* to listener status...." (UDRB 6, italics added). This does not satisfy the duty of candor UD owes the Court. The Court and Mr. Murakowski both have the right to know whether UD made a false representation to the hearing officer deciding the case, as well as to this Court.

Given the collateral consequences (*e.g.,* stigma, potential implication in future education and employment opportunities), Mr. Murakowski is entitled to have this stain removed from his record.

### IV. THE COURT SHOULD AWARD MR. MURAKOWSKI HIS COSTS, DAMAGES AND ATTORNEY'S FEES.

Contrary to UD's unsupported statement, Mr. Murakowski has produced admissible non-hearsay evidence to support its damages claim, and UD has not produced any counter-argument refuting or undermining that evidence.

### CONCLUSION

In this case descriptions of violence were tempered by other comments making clear to the reasonable reader that, in context, there was no intent to harm anyone physically. There was no evidence at all that anyone felt threatened because of those writings. The communication was not directed to any specific individuals. There was no opportunity for Mr. Murakowski to determine whether the website was truly and legitimately the cause of any student's fear. At UD life went on (and has gone on) undisturbed. Only Mr. Murakowski's life has been disrupted, and unfairly so.

WHEREFORE, for the foregoing reasons, as well as the reason stated in his other briefs, plaintiff Maciej Murakowski respectfully requests that the Court enter summary judgment in his favor and against defendant the University of Delaware..

Dated: May 16, 2008

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for plaintiff Maciej Murakowski